HULSHIZER (GRAY v.). See Case No. 5,-717.

## Case No. 6,863.

### In re HULST.

### [7 Ben. 17.] [1]

District Court, S. D. New York. Sept., 1873.

ASSIGNEE AND RECEIVER—SALE OF PROPERTY.

1. Property was forcibly taken by the marshal, under a warrant issued in bankruptcy proceedings, from the possession of a receiver appointed by a state court, in proceedings supplementary to execution against the bankrupt, and was by the marshal handed over to the assignee, when appointed. The assignee applied for an order to sell the property: *Held,* that the court would not summarily order a sale of property so taken, against the protest of the receiver.

2. The title of the assignee to the property must be enforced by a plenary suit.

This matter came up on a certificate of the register, who certified to the court that the marshal had taken a stock of goods by virtue of the warrant issued in these proceedings, which he had delivered to the assignee on his appointment; that the property was claimed by one Daniel Adee, as receiver appointed by the supreme court of the state of New York, in proceedings supplementary to execution issued upon a judgment against the bankrupt [William W. Hulst]; and that the assignee had asked for an order of sale of the property. The register gave reasons why he considered the judgment in question fraudulent as against the assignee, and gave it as his opinion that the order for sale should be granted.

BLATCHFORD, District Judge. It seems to be established by the evidence, that the property in question, a sale of which is asked, was forcibly taken from the possession of the receiver appointed by the state court, after the title to it had completely vested in him, by a deputy of the United States marshal, who afterwards delivered it to the assignee in bankruptcy. Under these circumstances, it does not seem to me proper that this court should, by ordering a sale of the property, against the protest of the receiver, who here asserts his title to the property, affirm and sanction the act of summarily dispossessing the receiver. This is one of the cases in which the possession of and title to the property, if to be enforced by the officer of the bankruptcy court in his own favor, on the ground that he has a superior title under the bankruptcy act [of 1867 (14 Stat. 517)], which gives him the right of possession, must be enforced by a plenary suit conducted according to the requirements of that act. The possession of the state court, through its officer, and his vested title, cannot be summarily displaced by a forcible seizure, unsustained by sufficient legal process, even though, in the end, such possession and title may, as the result of a proper suit, be held to be fraudulent and void as against the right of the assignee in bankruptcy.